UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

JODY V., )
 )
        Plaintiff, )
 )
        v. )    No. 1:17-cv-04015-MJD-WTL
 )
NANCY A. BERRYHILL, )
 )
        Defendant. )

**ORDER ON PLAINTIFF'S MOTION FOR ATTORNEY FEES
UNDER THE EQUAL ACCESS TO JUSTICE ACT [DKT. 28]**

This matter comes before the Court on Plaintiff's *Motion for Attorney Fees Under the Equal Access to Justice Act* [Dkt. 28]. For the following reasons, the Court **GRANTS** Plaintiff's Motion.

**I. Background**

On February 27, 2018, Plaintiff filed her initial brief in support of her *Complaint* for judicial review to reverse the ALJ's unfavorable finding and remand for further proceedings. [Dkt. 18.] On September 17, 2018, the Court reversed the Commissioner's decision and remanded Plaintiff's claim for further proceedings. [Dkt. 26.] Final judgment was entered in favor of the Plaintiff. [Dkt. 27.] Plaintiff filed a *Motion for Attorney Fees Under the Equal Access to Justice Act* with supporting documentation on December 17, 2018, requesting an EAJA attorney fee award in the amount of $2,959.97. [Dkt. 28; Dkt. 29.] Defendant did not file a response to Plaintiff's Motion.

## II. Discussion

Pursuant to the Equal Access to Justice Act ("EAJA"), a "court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States." 28 U.S.C. § 2412(d)(1)(A). In order to succeed in a Petition for EAJA fees, the movant must, "within thirty days of final judgment in the action," file her application (1) showing that she is a "prevailing party," (2) providing the Court with an itemized statement that represents the computation of the fees requested, and (3) alleging that the position taken by the United States was "not substantially justified." 28 U.S.C. § 2412(d)(1)(B). Additionally, the Court may, in its discretion, reduce or deny the award of fees and expenses if the prevailing party "engaged in conduct which unduly and unreasonably protracted the final resolution of the matter in controversy" during the course of the proceedings. 28 U.S.C. § 2412(d)(1)(C).

First, the Court must determine whether Plaintiff's motion for fees was timely filed. Section 2412(d)(1)(B) of the EAJA states that an application for fees and expenses must be filed "within thirty days of final judgment in the action." The Supreme Court has clarified that the "30-day EAJA clock begins to run after the time to appeal that 'final judgment' has expired," which in this case is 60 days. *Melkonyan v. Sullivan*, 501 U.S. 89, 96 (1991). The Court entered final judgment on September 17, 2018. [Dkt. 27.] Thus, Plaintiff's December 17, 2018 petition for attorney fees was timely filed. [Dkt. 28; Dkt. 29.] *See* 28 U.S.C. § 2412(d)(1)(B); Fed. R. Civ. P. 6(a)(1)(C).

In her brief in support [Dkt. 29], Plaintiff contends she meets the "prevailing party" requirement of the EAJA pursuant to the standard set forth by the U.S. Supreme Court in *Shalala v. Schaefer*. 509 U.S. 292 (1993). In *Shalala*, the Supreme Court confirmed that a plaintiff

whose complaint is remanded to an administrative law judge for further consideration qualifies as a "prevailing party" under Section 2412(d)(1)(B) of the EAJA. *Id.* at 300. Because the Court in this matter remanded Plaintiff's case to an administrative law judge for such further consideration, Plaintiff indeed meets the prevailing party requirement of the EAJA.

Next the Commissioner bears the burden of proving that her pre-litigation conduct, including the ALJ's decision itself, and her litigation position were substantially justified. *See Stewart v. Astrue*, 561 F.3d 679, 683 (7th Cir. 2009). In the matter before the Court, the Commissioner did not file a *Response* to Plaintiff's Motion thereby electing not to carry her burden of proving that her position was substantially justified. Therefore, Plaintiff meets the EAJA's threshold requirement of asserting that the Commissioner's position in this matter was not substantially justified.

Finally, Plaintiff asserted the fees requested are reasonable pursuant to the terms of the EAJA. [Dkt. 29 at 3-7.] As a threshold requirement, 28 U.S.C. § 2412(d)(1)(B) of the EAJA requires Plaintiff to submit "an itemized statement from any attorney or expert witness representing or appearing in [sic] behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed." Plaintiff attached itemized statements as Exhibit A and Exhibit B to her *Motion for Attorney Fees Under the Equal Access to Justice Act* that tracks the hours worked by her attorneys, J. Frank Hanley, II and Eric Schnaufer, on this matter. [Dkt. 29-1; Dkt. 29-1.] Additionally, Plaintiff makes a representation of the reasonable rate of computation, as required by the EAJA. [Dkt. 29 at 3-7.] Thus, Plaintiff has met the threshold requirement of presenting the Court with both the hours expended by her attorneys on the matter and the rate used to compute the total fees sought.

Although Plaintiff has met the burden of presentation regarding the amount of fees sought, the Court must determine whether such fees are *reasonable* pursuant to the EAJA. A reasonable EAJA fee is calculated under the lodestar method by multiplying a reasonable number of hours expended by a reasonable hourly rate. *Astrue v. Ratliff*, 560 U.S. 586, 602 (2010). Although the hourly rate is statutorily capped at $125.00 per hour, the language additionally permits the Court to allow for "an increase in the cost of living" to justify a higher hourly rate. 28 U.S.C. § 2412(d)(2)(A). In order to prove that such an increase is justified, the Seventh Circuit held that "an EAJA claimant may rely on a general and readily available measure of inflation such as the Consumer Price Index, as well as proof that the requested rate does not exceed the prevailing market rate in the community for similar services by lawyers of comparable skill and experience." *Sprinkle v. Colvin*, 777 F.3d 421, 423 (7th Cir. 2015). Reliance solely on a readily available measure of inflation is not sufficient, as an inflation-adjusted rate might result in a rate higher than the prevailing market rate in the community for comparable legal services, creating a windfall, which is to be avoided. *Id.* at 428-29.

Here, Plaintiff referenced the March 1996 Midwest Urban CPI-All Items Index at 151.7, with an increase in the cost of living for 2017 at 1.515319 (229.874/151.7) and for the First Half of 2018 at 1.540217 (233.651/151.7). [Dkt. 29 at 3-4; Dkt. 29-3.] To complete the fee calculations accordingly, the Annual 2017 and First Half of 2018 index totals are multiplied by the $125.00 per hour statutory cap; as such, for 2017 Plaintiff asserted a rate of $189.41, and for the First Half of 2018, a rate of $192.53. [Dkt. 29 at 7.] In further support, Plaintiff submitted a rate survey for Indianapolis – Carmel Indiana for 2008 which illustrated the "lowest quartile standard hourly rate for an attorney with under two years of experience was $185." [Dkt. 29 at 5; Dkt. 29-4.] As Mr. Hanley and Mr. Schnaufer have practiced law between twenty and forty

4

years, the lowest quartile of the rate survey would reflect hourly rates between $345 and $391. [Dkt. 29 at 5; Dkt. 29-4.] The Court finds Plaintiff's requested rates are consistent with the inflation-adjusted rate, the depth of counsel's experience, the prevailing market rate in the community by lawyers of comparable skills and experience, and the rate approved in other similar disability cases in this district. *See, e.g.*, *Rabe v. Astrue*, 2011 WL 2899063 (S.D. Ind. July 15, 2011); *Neal v. Colvin*, 2013 WL 4479802 (S.D. Ind. Aug. 19, 2013); *Little v. Colvin*, 2014 WL 30032 (S.D. Ind. Jan. 3, 2014).

Next, the Court must decide whether the number of hours reportedly worked by counsel appears sufficiently reasonable. The Seventh Circuit commands that an attorney use the same "billing judgment" with the Court that he or she would implement when presenting a client with the legal bill. *Spegon v. Catholic Bishop of Chi.*, 175 F.3d 544, 552 (7th Cir. 1999). As explained by the Supreme Court, "[c]ounsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). Mr. Hanley asserted 1.80 hours of expended attorney time on this case, of which 1.60 hours were completed in 2017 and 0.20 hours were expended in the First Half of 2018.[1] [Dkt. 29 at 7.] Mr. Schnaufer asserted 13.60 hours of expended attorney time on this case, of which all hours were completed in the

---

[1] The Court notes Mr. Hanley's fee calculations are determined as follows: 1.60 hours at the Annual 2017 rate of $189.41 to total $303.06 and 0.20 hours at the First Half of 2018 rate of $192.53 to total $38.51. The sum of Mr. Hanley's fees for 1.80 hours worked is $341.57 (1.60 X $189.41 = $303.056 and 0.20 X $192.53 = $38.506. Instead of rounding those two calculations to the second decimal point as the Court has done, counsel for Plaintiff added them together to arrive at $341.562, and then rounded that number to $341.56, which is the amount used by Plaintiff in calculating their total requested fee).

5

First Half of 2018.[2]  [Dkt. 29 at 7.]  The Court has reviewed the itemized time records of services rendered and finds Plaintiff's counsel employed proper "billing judgment" with regards to each attorney's work on this case.  The Court finds that the number of hours worked appears reasonable.

Finally, the Court is not aware of any "conduct which unduly and unreasonably protracted the final resolution of the matter in controversy" having taken place on behalf of Plaintiff or her counsel.  Therefore, the Court will not reduce or deny an award of fees or expenses on such grounds, pursuant to 28 U.S.C. § 2412(d)(1)(C).

### III. Conclusion

The Court finds that Plaintiff's fee request of $2,959.97, the combined total of Mr. Hanley and Mr. Schnaufer's hours at the Annual 2017 rate of $189.41 and First Half of 2018 rate of $192.53, is reasonable.  Therefore, based on the foregoing, Plaintiff's *Motion for Attorney Fees Under the Equal Access to Justice Act* [Dkt. 28] is **GRANTED**.  Plaintiff is entitled to her reasonable attorneys' fees in the amount of Two Thousand Nine Hundred Fifty-nine Dollars and Ninety-seven Cents ($2,959.97).  Defendant shall pay the EAJA fee directly to Plaintiff, subject to a statement of federal debt by the Commissioner.

SO ORDERED.

Dated:   11 APR 2019

_____
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

---

[2] The Court notes Mr. Schnaufer's fee calculations are determined as follows: 13.60 hours at the First Half of 2018 rate of $192.53 to total $2618.41.

Distribution:

J. Frank Hanley, II
LAW OFFICES OF J. FRANK HANLEY II, INC.
jfrankhanley@jfrankhanley.com

Kathryn E. Olivier
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
kathryn.olivier@usdoj.gov

Hannah Danielle Tuber
SOCIAL SECURITY ADMINISTRATION
hannah.tuber@ssa.gov